U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 4 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEARNS BANK NATIONAL ASSOCIATION | CIVIL ACTION NO. 05-0721 |
| -vs- | JUDGE DRELL |
| ARRINGTON ESTATES, L.P. AND DALE LANCASTER | |

## MEMORANDUM RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND SUIT

Before the court is a motion for leave to amend suit on note, guaranty and application for writ of sequestration filed by plaintiff, Stearns Bank National Association ("Stearns") [Doc. #10]. Defendants Arrington Estates, L.P. ("Arrington") and Dale Lancaster ("Lancaster") have not timely filed any opposition to plaintiff's motion.[1] For the following reasons, the plaintiff's motion is GRANTED.

## BACKGROUND

Stearns filed a suit on note, guaranty and application for writ of sequestration on 26 April 2005 [#1] seeking a judgment of $1,914,158.00 plus interest, late fees, attorney's fees, and costs, a recognition of its perfected security interest and lien with respect to the collateral property at issue, and an order directing seizure of collateral and transfer to Stearns as custodian. Defendants filed separate answers on 11 July 2005 [##7, 8].

---

[1] Plaintiff has indicated that defendant Arrington does not consent to the filing of an amended complaint. Pl.'s Mot. ¶ 5. It is unclear as to whether defendant Lancaster also does not consent. See id.

## DISCUSSION

Leave to amend should be freely granted when justice requires. FED. R. CIV. P. 15(a). District courts, however, have discretion to manage their dockets. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 566 (5th Cir. 2003). Indeed, decisions concerning motions to amend are "entrusted to the sound discretion of the district court." Quintanilla v. Tex. Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998) (internal quotation marks and citation omitted). Accordingly, although a district court's discretion to deny leave to amend is limited, leave to amend is not automatic. Goldstein v. MCI WorldCom, 340 F.3d 238, 254-55 (5th Cir. 2003). Nevertheless, there is a strong presumption in favor of granting leave to amend. Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006). A court may deny a motion for leave to amend if there is undue delay, bad faith or dilatory motive, undue prejudice or futility of the amendment. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 576 n.8 (5th Cir. 2005).

In the instant case, Stearns, "out of an abundance of caution," seeks to amend its complaint "for the limited purpose of alleging maturity of the Note and to seek relief on that additional basis." Pl.'s Mot. ¶¶ 3,4. The court finds none of the aforementioned factors supporting denial of plaintiff's motion to be present here. As such, the court deems it appropriate for Stearns to amend its complaint.

## CONCLUSION

Based on the foregoing, the plaintiff's motion for leave to amend suit is GRANTED.

Alexandria, Louisiana

23 May 2006

*[signature]*
DEE D. DRELL
UNITED STATES DISTRICT JUDGE